IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**JAMES WENNERSTEIN**                                          **PETITIONER**

VS.                    Case No. 5:19-cv-00154 BRW/PSH

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                          **RESPONDENT**

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Petitioner James Wennerstein ("Wennerstein") is in the custody of the Arkansas Department of Correction ("ADC"). He filed a complaint in the United States District Court, District of Columbia, on October 24, 2018. Docket entry no. 1. The pleading was styled "Complaint and Notice of Individual Secession With Voluntary Relinquishment of Citizenship." Noting that Wennerstein's pleading included a request for his release from confinement, the United States District Court for the District of Columbia construed the pleading as a petition for writ of habeas corpus. Accordingly, that Court transferred the case to this Court due to Wennerstein's physical presence in this jurisdiction. The complaint was served on Wennerstein's custodian, respondent Wendy Kelley ("Kelley").

On July 19, 2019, Kelley filed a motion to dismiss and brief in support. Docket entry nos. 21, 22. In it, Kelley contends that this lawsuit is not a habeas corpus action and that Wennerstein filed suit for the purpose of relinquishment of citizenship. Kelley notes that Wennerstein is seeking habeas corpus relief in a separate action filed in the United States District Court for the Western District of Arkansas. *See Whitney v. Kelley*, U.S.D.C. W.D. Ark. No. 5:19cv05054. Kelley seeks dismissal of this action for failure to state a claim for federal habeas corpus relief.

On July 22, 2019, the Court notified Wennerstein of his opportunity to submit a response to the motion to dismiss. Docket entry no. 23. The Court invited Wennerstein to clarify the nature of his claims, informing him that habeas corpus is reserved for allegations that a conviction was obtained in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).

Wennerstein responded. Docket entry no. 24. In his response, he states "the originating pleading was not intended to be a petition for writ of habeas corpus," and "it was and is plainly and clearly a notice of individual secession and voluntary relinquishment of citizenship and should be considered as nothing more or less than intended." *Id.* at 1, 2. He asks that the Court grant the petition as well as award him compensation for his time and expenses.

Wennerstein's response clarifies that he does not seek habeas corpus relief in this action. As a result, the Court recommends that Kelley's motion be granted to the extent Wennerstein's petition could be read to assert a habeas corpus petition.[1]

Dismissal of the purported habeas corpus claim, however, does not dispose of this action. If Wennerstein's petition seeks an acknowledgment or order of voluntary relinquishment of citizenship as he states, does it state a claim upon which relief can be granted? The Court believes not. And while there is no motion pending before the Court seeking to dismiss such a claim, the

---

[1] Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, the Court recommends the certificate of appealability be denied.

Court has discretion to dismiss a complaint *sua sponte* pursuant to 28 U.S.C. §1915(d) if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Wennerstein cites no authority for the proposition that a federal lawsuit is a means by which one can relinquish or renounce citizenship.  And the Court has found no authority which grants federal jurisdiction to such a case. Title 8 of the United States Code, § 1481(a), sets forth the specific acts by which one may relinquish U.S. citizenship.  Filing a federal lawsuit seeking to voluntarily relinquish one's citizenship is not one of those acts.  Additionally, although Wennerstein's petition is not a model of clarity, it does not appear to allege that he has taken any of the actions required by §1481(a).[2] Thus, acknowledging that *sua sponte* dismissals are expressly disfavored, *Nash v. Black*, 781 F.2d 665 (8th Cir. 1986), the Court, nevertheless, is satisfied that this complaint lacks an arguable basis in either law or fact, and is so lacking in colorable merit that it must be considered frivolous.  *See Haugen v. Sutherlin*, 804 F.2d 490 (8th Cir. 1986); *Martin-Trigona v. Stewart*, 691 F.2d 856 (8th Cir. 1982).

IT IS SO ORDERED this 26th day of September, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2]Those actions are: obtaining naturalization in a foreign state; taking an oath or making an affirmation of allegiance to a foreign state; serving in the armed forces of a foreign state if those forces are engaged in hostile acts against the United States or serving as a commissioned or non-commissioned officer; working under the government of a foreign state if one has acquired the nationality of such foreign state or for which the office or employment requires an oath, affirmation, or declaration of allegiance; making a formal renunciation of nationality before a diplomatic or consular officer of the United States in a foreign state; making in the United States a formal written renunciation of nationality in a form prescribed by and before an officer designated by the Attorney General, when the United States is at war and the Attorney General approves the renunciation as not contrary to the interests of national defense; or committing treason against, attempting by force to overthrow, or bearing arms against the United States, or willfully conspiring to overthrow, put down, or destroy by force the Government of the United States, or levying war, if and when one is convicted of such action by a court martial or a court of competent jurisdiction.  8 U.S.C. § 1481(a).